# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP85-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Daniel Parks, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　Complainant-Respondent,<br>　　v.<br>Daniel Parks,<br>　　　Respondent-Appellant. |
| | ATTORNEY PARKS REINSTATEMENT PROCEEDINGS<br>Reported at 395 Wis. 2d 500,953 N.W.2d 873<br>PDC No:2021 WI 10 - Published |

| | |
|---|---|
| OPINION FILED: | August 20, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP85-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Daniel Parks, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant-Respondent,**

    **v.**

**Daniel Parks,**

        **Respondent-Appellant.**

**FILED**

**AUG 20, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted upon conditions.*

¶1 PER CURIAM. Pending before the court is Attorney Daniel Parks' second petition for reinstatement of his license to practice law in Wisconsin. Upon consideration of the reinstatement petition; Attorney Parks' affidavit in support of his reinstatement petition; the Office of Lawyer Regulation's (OLR) response pursuant to Supreme Court Rule (SCR) 22.30(4); the parties' SCR 22.30(5)(a) stipulation; the OLR's memorandum in support of the stipulation (attaching Attorney Anthony O'Malley's comment in support of reinstatement); and Attorney

Parks' response to the OLR's memorandum, we conclude that reinstatement, upon conditions, is appropriate.

¶2 Attorney Parks was admitted to practice law in Wisconsin in 1991. His license was unblemished until 2016, when the OLR filed a complaint alleging that Attorney Parks had committed 19 counts of professional misconduct. The allegations derived from a grievance filed by Attorney Parks' former law firm stating, among other things, that it had discovered that Attorney Parks had performed unauthorized legal work "on the side" while employed by the firm.

¶3 Following extensive litigation, amended complaints, and an appeal, this court accepted the referee's conclusion that Attorney Parks had committed eight of 14 alleged counts of misconduct.[1] See In re Disciplinary Proceedings Against Parks, 2018 WI 110, 384 Wis. 2d 635, 920 N.W.2d 505 (Parks I). We suspended Attorney Parks' law license for 14 months for his violation of multiple supreme court rules: for earning fees from non-firm legal work while employed by a law firm; arranging for two clients to perform work for him in exchange for a reduction of legal fees and otherwise reducing attorney fees without his law firm's permission; accepting an unauthorized $5,000 "gift" from two clients; working on client files on an unsecured offsite computer belonging to another person; and

---

[1] The OLR twice amended its complaint, dismissing five counts. This court then dismissed five of the alleged counts of misconduct.

obtaining two signatures on a "release" designed to limit Attorney Parks' liability, without properly clarifying his role in the matter.

¶4 Attorney Parks first sought reinstatement in January 2020. The OLR initially declined to support his reinstatement petition based on concerns that Attorney Parks might have misled the Office of the Commissioner of Insurance (OCI) with respect to statements on Attorney Parks' insurance license renewal. The OLR also expressed concern that Attorney Parks had not made restitution to the grievants in the underlying disciplinary proceeding, but acknowledged that the OLR had not sought restitution, the referee had not recommended restitution, and this court had not ordered Attorney Parks to pay restitution.

¶5 A referee was appointed and a reinstatement hearing was conducted on the first reinstatement petition. By the time of the hearing, the OLR had identified a new concern: that Attorney Parks may have claimed an improper tax deduction. However, at the evidentiary hearing, Attorney Parks presented evidence sufficient to satisfy the referee that Attorney Parks had relied on professional guidance in both matters and had dealt in good faith with the OCI and with the Internal Revenue Service (IRS). On the question of restitution, the referee reasoned that the referee in the underlying disciplinary case had not recommended restitution, that this court had accepted the referee's recommendation, and had not ordered restitution. The referee recommended Attorney Parks' reinstatement.

¶6 This court disagreed and denied Attorney Parks' first reinstatement petition. The court accepted the referee's findings with respect to the questions involving the OCI and the IRS, but concluded that Attorney Parks' failure to make restitution precluded his reinstatement. The court cited SCR 22.29(4m), observing that the obligation to make restitution to those harmed by the lawyer's misconduct applies, even if restitution is not ordered in the original disciplinary proceeding. See In re Disciplinary Proceedings Against Parks, 2021 WI 10, ¶30, 395 Wis. 2d 500, 953 N.W.2d 873 (Parks II) (citing In re Disciplinary Proceedings Against Woodard, 2012 WI 41, 340 Wis. 2d 248, 812 N.W.2d 511). Consequently, the court also concluded that Attorney Parks had not demonstrated that he possessed the requisite moral character to practice law in this state. See (former) SCR 22.31(a). The court indicated it would be "more favorably disposed" to a reinstatement petition "upon a showing that Attorney Parks has sought in good faith to address the requirements of SCR 22.29(4m)." Parks II, ¶32.

¶7 In the wake of this court's adverse reinstatement decision, Attorney Parks promptly took steps to address the restitution issue. Through counsel, Attorney Parks contacted each grievant by mail, broaching the issue of restitution. Former client L.E. informed Attorney Parks that she thought $4,500 was a satisfactory and appropriate amount of restitution. Attorney Parks' former law firm, Zacherl, O'Malley & Endejan, S.C., indicated that $10,000 would be a satisfactory amount of

restitution. Attorney Parks then entered into payment agreements with each grievant to pay the requested restitution.[2]

¶8 On April 2, 2021, Attorney Parks filed his second reinstatement petition.[3] The OLR investigated Attorney Parks' second petition and determined that there were no new concerns beyond those previously addressed in the first reinstatement proceeding. The OLR noted that this court had denied Attorney Parks' initial reinstatement petition due to Attorney Parks' failure to pay restitution to persons or entities harmed by his misconduct. Parks II, ¶31.

¶9 The OLR considered whether Attorney Parks' efforts at restitution would satisfy this court's concerns, as set forth in the initial, adverse reinstatement decision.[4] The OLR determined

---

[2] Each grievant agreed to an initial payment with the balance to be paid within one year of Attorney Parks' reinstatement. Attorney Parks, though counsel, thus paid $1,000 to L.E. and $3,000 to Zacherl, O'Malley & Endejan, S.C., along with a letter memorializing his commitment to complete the agreed-upon restitution within one year of reinstatement.

[3] This court permitted Attorney Parks to file a subsequent reinstatement petition in advance of the usual nine-month waiting period required by SCR 22.33(4). In re Disciplinary Proceedings Against Parks, 2021 WI 10, ¶32, 395 Wis. 2d 500, 953 N.W.2d 873 (Parks II).

[4] The OLR expressed some reservations about Attorney Parks' payment of restitution and/or costs appearing to be conditioned on his reinstatement. The OLR therefore advised Attorney Parks' former firm and L.E. that their reinstatement agreements were not determinative of whether the OLR would support or oppose Attorney Parks' reinstatement petition. We concur that agreements to pay restitution that are conditioned upon reinstatement are not ideal, but under the unique facts of this case, the terms should not preclude reinstatement.

that Attorney Parks appears to have satisfactorily addressed the concerns raised with regard to his satisfaction of (former) SCR 22.29(4m). The OLR notes that Attorney Parks' former colleague, Attorney Anthony O'Malley, now supports Attorney Parks' reinstatement. The OLR thus concluded that Attorney Parks has, to the satisfaction of the OLR, met his burden to prove by clear, satisfactory, and convincing evidence that he has met all of the criteria for reinstatement. Accordingly, the OLR and Attorney Parks executed a stipulation pursuant to SCR 22.30(5)(a) for Attorney Parks' reinstatement.

¶10 The parties further stipulated that the court should impose the following conditions on Attorney Parks' reinstatement to the practice of law:

- Attorney Parks must comply with his agreement to pay L.E. a total of $4,500 in restitution. Under the terms of his agreement, the remaining $3,500 is due within one year of Attorney Parks' reinstatement.

- Attorney Parks must comply with his agreement to pay his former firm a total of $10,000 in restitution. Under the terms of the agreement, the remaining $7,000 is due within one year of Attorney Parks' reinstatement.

- Attorney Parks must comply with his agreement to pay the OLR the costs of his discipline proceeding and his

first reinstatement petition proceeding, by continuing to pay the OLR at least $500 monthly.[5] The OLR states that it will not seek an assessment of costs for this second reinstatement proceeding.

¶11 The parties' joint stipulation for Attorney Parks' reinstatement is now before us for our review. This is one of the first reinstatement petitions submitted to the court by stipulation under SCR 22.30(5)(a), effective January 1, 2021.[6] The new reinstatement provisions permit the court to consider a reinstatement petition by stipulation when, as here, the OLR concludes, upon investigation, that the petitioner has demonstrated, to the director's satisfaction, all of the reinstatement criteria. SCR 22.305[7] and SCR 22.29(4). This

---

[5] In the underlying disciplinary case Attorney Parks was ordered to pay costs totaling $42,226.26. In the unsuccessful first reinstatement proceeding, Attorney Parks was ordered to pay an additional $6,370.43 in costs. He has entered into a payment plan with the OLR and is current with his monthly payments.

[6] Effective January 1, 2021, substantial changes were made to the rules pertaining to lawyer disciplinary procedures, including the reinstatement rules, SCR 22.29 through 22.33. See S. Ct. Order 19-06, 19-07, 19-08, 19-09, 19-10, 19-11, and 19-12, 2020 WI 62 (issued June 30, 2020, eff. Jan. 1, 2021).

[7] SCR 22.305 (Standard for Reinstatement) provides:

At all times relevant to the petition, the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(1) That he or she has the moral character to practice law in Wisconsin.

(continued)

7

court then considers the petition and stipulation without the appointment of a referee and we may approve the stipulation and reinstate the petitioner's law license; we may reject the stipulation and refer the petition to a referee for a hearing; or we may direct the parties to consider modifications to the stipulation. SCR 22.30(5)(b).

¶12 As to Attorney Parks' representations in his reinstatement petition, the record - including several favorable character references - supports the parties' stipulation that those representations are substantiated: Attorney Parks desires to have his law license reinstated, SCR 22.29(4)(a); Attorney Parks has not practiced law during the period of suspension, engaging in volunteer service and working as a property manager and a substitute teacher, SCR 22.29(4)(b); Attorney Parks has complied fully with the terms of his order of suspension and will continue to comply until he is reinstated, SCR 22.29(4)(c); Attorney Parks has maintained competence and learning in the law by attendance at identified educational activities, as evidenced

---

(2) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(3) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(4) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

8

by a June 17, 2021 memorandum from the Board of Bar Examiners confirming his CLE and EPR compliance, SCR 22.29(4)(d); Attorney Parks' conduct since his suspension has been exemplary and beyond reproach, SCR 22.29(4)(e); Attorney Parks has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards, SCR 22.29(4)(f); Attorney Parks can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts, SCR 22.29(4)(g); Attorney Parks has satisfactorily fully complied with the requirements set forth in SCR 22.26, SCR 22.29(4)(h); if reinstated, Attorney Parks intends to return to the practice he left when his license was suspended, practicing with one other attorney, SCR 22.29(4)(j); and Attorney Parks satisfactorily described his business activities during his suspension, engaging in community service, serving as a substitute teacher and as a property manager, SCR 22.29(4)(k).

¶13 As discussed above, Attorney Parks has now also satisfactorily made restitution to or settled all claims of persons injured or harmed by his misconduct, thereby resolving our concerns about his compliance with (former) SCR 22.29(4m) and (former) SCR 22.31(a), SCR 22.29(4)(m).

¶14 Based on the stipulation and noting that the record contains no evidence to the contrary, we conclude that Attorney

Parks has the moral character to practice law in Wisconsin, SCR 22.305(1); his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, SCR 22.305(2); his representations in his petition, including the representations required by SCR 22.29(4)(a) to (m) and SCR 22.29(5), are substantiated, SCR 22.305(3); and he has complied fully with the terms of the suspension orders and with the requirements of SCR 22.26, SCR 22.305(4). Accordingly, we accept the parties' stipulation pursuant to SCR 22.30(5)(b), and we reinstate Attorney Parks' license to practice law in Wisconsin, effective the date of this order, upon the stipulated conditions.

¶15 IT IS ORDERED that the petition for reinstatement of Daniel Parks is granted, effective the date of this order, upon the following conditions:

- Daniel Parks shall comply with his agreement to pay L.E. a total of $4,500 in restitution. Under the terms of his agreement, the remaining $3,500 is due within one year of Daniel Parks' reinstatement.

- Daniel Parks shall comply with his agreement to pay his former firm a total of $10,000 in restitution. Under the terms of the agreement, the remaining $7,000 is due within one year of Daniel Parks' reinstatement.

- Daniel Parks shall comply with his agreement to pay the Office of Lawyer Regulation the costs of his discipline proceeding and his first reinstatement

10

petition proceeding, by continuing to pay the Office of Lawyer Regulation at least $500 monthly.

¶16  IT IS FURTHER ORDERED that Daniel Parks' failure to abide by the aforementioned conditions, absent a showing of inability to pay, may result in the further suspension of Daniel Parks' license to practice law in Wisconsin.

¶17  IT IS FURTHER ORDERED that no costs will be imposed in connection with this reinstatement proceeding.